Harris D. HINELINE

v.

The UNITED STATES.

No. 49418.

United States Court of Claims.
March 6, 1956.

John Price Wetherill, Washington, D. C., for plaintiff.

T. Hayward Brown, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

Plaintiff sues for compensation for the infringement of its patent Number

2,366,621, issued January 2, 1945, on an apparatus for measuring altitude. The first question presented is whether the defendant's apparatus infringes plaintiff's; in other words, whether it employs the elements recited in certain patent claims defining plaintiff's invention.

We agree with the Commissioner that it does not.

Plaintiff says that defendant has infringed claims 1, 3 and 4 of its patent. It places but scant reliance on the other claims and these do not need to be discussed, but they are dealt with in the findings of fact. Claims 1, 3 and 4 read:

Claim 1—

"A measuring instrument comprising

a radio transmitting system, having

an amplitude modulating member,

a radio receiving system having

a modulation detector and

means connected to said modulating member and said modulation detector for comparing the phase relationships between the modulations of the radiated wave and the received wave from the transmitting system after reflection from a remote surface."

Claim 3—

"A measuring instrument comprising

a radio transmitting system,

a directive antennae structure connected thereto,

a modulator connected thereto,

a radio receiving system and

an indicating device connected to and receiving energy from both modulator and receiver and indicating distance in terms of energy phase characteristic comparisons of the modulation envelopes."

Claim 4—

"A measuring instrument comprising

a radio transmitting system,

a directive antennae structure connected thereto,

a modulator connected thereto comprising

means for producing a wave length equal to approximately four times the maximum distance to be measured,

a radio receiving system and

an indicating device connected to and receiving energy from both modulator and receiver and indicating distance in terms of comparisons of the phase relationships of the modulation envelope."

It will be noted that the distinctive feature of each of these claims is the use of an amplitude modulating member or a modulator. A modulator is an electrical circuit which produces an electromagnetic wave which can be combined with and added to the carrier wave emitted by a radio transmitter. The addition of the second wave to the carrier wave results in a combined or modulated wave which is sent out continuously from the transmitter.

In this modulated wave that is transmitted, there are certain regularly recurring peaks or points. After these peaks or points, the amplitude of the transmitted modulated wave subsides, but 360 degrees later the peak occurs again.

When this modulated wave is reflected by the ground, a receiving set receives the reflected waves, which contain recurring peaks like those of the modulated wave transmitted.

Plaintiff measures the altitude of an aircraft above the earth by measuring the phase difference or phase relationship between the peaks or points of the emitted modulated wave and the peaks or points of the reflected modulated wave. By this it is meant that from the difference in the number of degrees between

the transmission of the peak modulated wave and the receipt of the reflected waive the altitude can be determined. For example, if the peak wave is transmitted at 0 degrees and has travelled some degrees less than 360° along the full cycle of 360° before the peak of the reflected wave is received, the number of degrees travelled shows the altitude.

In plaintiff's apparatus electrical energy is being constantly transmitted and, hence, plaintiff's apparatus is wholly dependent on the recurrence of these peaks, occasioned by the combination of the radio wave and the modulating wave.

Plaintiff says its patent was infringed by defendant's radar unit SCR–545–A. However, defendant's apparatus employs no modulating wave, and the transmission of energy from the transmitter is not continuous.

Defendant's apparatus emits a pulse of energy from its antenna for a brief instant of time and then waits for a relatively long period for this pulse to "bounce back" before it transmits another pulse.

The distance of the object is measured by the time it takes for the electrical pulse transmitted to "bounce back," measured, of course, in millionths of a second, since the waves travel about 186,000 miles per second.

Plaintiff's patent is not based on the idea of measuring distance by the lapse of time between the transmission of an electrical impulse and its return. It is based on the use of the modulating wave in conjunction with the radio wave, and by determining the difference in degrees between the transmitted wave and the reflected wave.

As originally drawn, plaintiff's claims 1, 3, and 4 did not rely on phase comparison as a means of determining altitude and the claims were rejected because lacking invention. Plaintiff then amended his claims by saying that the radio transmitting system had "an amplitude modulating member" and a "modulation detector for comparing the phase rela-tionships between the modulations of the radiated wave and the received wave * * *."

At the same time plaintiff represented that by the amendments "* * * applicant has herewith *limited all of the claims to the modulation system* and to the determination of the phase relationship between energy received after reflection from the ground, and energy received directly from the modulator member." [Italics supplied.] Plaintiff further represented that "This phase comparison is the *essence* of the applicant's invention and permits of the measurement of the altitude without counting wave lengths and *without time measurements,* and with entire freedom from errors due to shiftings in energy or characteristics upon reflection at the ground." [Italics supplied.]

After these amendments and upon the basis of these representations, the patent was granted.

Defendant's apparatus is not based on this principle. It does not use a modulating wave and the transmission of electrical energy from the transmitter is not continuous, but in bursts or pulses.

The SCR–545–A radar unit manual states:

"Every workable radar system * * * makes use of pulse transmission. The radar transmitter must send out r-f [radio frequency] energy, not as continuously as the ordinary broadcasting transmitter does, but in short bursts, * * * Part of this energy is picked up in the form of echoes by the radar receiver, after the energy has been reflected by one or more targets. If the energy were transmitted continuously, there would be many reflections; however, the reflected energy would be very weak as compared with the transmitted energy and, thus, the echoes would be drowned out and could not be detected in the presence of the main radiations. Consequently, pulse transmission must be used, and

enough time must elapse between successive pulses to allow for the reception of the echoes. * * * Usually, radar pulses have durations ranging from about 1 to 40 or 50 microseconds (millionths of a second). They are separated by much longer time intervals, usually by several hundred microseconds. These pulses recur at rates determined by their separation time. The length or duration of a pulse is commonly called *pulse width*. The number of pulses per second is called recurrence frequency."

It also states:

" * * * The transmitter system, triggered by the timing unit which in this case is the rotary spark gap contained in the transmitter system, generates r-f pulses. * * * The timing unit (spark gap) is the master timer. It supplies and coordinates the trigger pulses and sweep voltages. * * * To produce these pulses, pulse-forming lines for both systems are charged to a high potential from the high-voltage rectifier through the charging inductor and diode, and then discharged through the transmitter tubes by the action of the rotary spark gap. The spark gap acts as a timing unit for the entire system. Timing impulses are taken from resistors in series with the discharging circuit, and applied to the ranging system and target indicators."

A graphic presentation of the difference between the principles of plaintiff's claimed invention and of defendant's system is shown in the diagram reproduced at the end of this opinion (page 6).

Plaintiff seeks to take advantage of the use of the word "modulator" on a block diagram defendant prepared describing its apparatus SCR–545–A. In describing the "transmitter system" this diagram speaks of a "rotary spark gap modulator." We think the use of the word "modulator" was a misnomer. Instead of a modulator, this was a rotary spark gap timing unit. It was an apparatus to control the duration of and the time interval between the transmission of the radio wave pulse from the antenna. Defendant's apparatus employed no modulating wave, which was the basis of plaintiff's invention.

We are, therefore, of opinion that defendant's radar unit SCR–545–A did not infringe plaintiff's patent. Nor do we think that defendant's apparatus SCR–718 infringes plaintiff's patent, for substantially the same reason as stated in relation to defendant's apparatus SCR–545; all as more particularly set out in the findings.

The Commissioner made findings on the question of the validity of plaintiff's patent and discussed this question in his memorandum, concluding that the patent was invalid because anticipated by the prior art. However, we do not think it is necessary to discuss this question or to make findings thereon, since we think there is no basis for questioning the correctness of our conclusion that defendant's apparatuses do not infringe plaintiff's patent. Since there has been no infringement, there can be no recovery, whether or not plaintiff's patent is valid.

The plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.